IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 20-cr-40105-SMY |
| | ) |
| MICHAEL A. FERRIS | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are the Notices of Intent and Motions in Limine filed by the United States of America (Docs. 76, 77, 78, 79, and 81), which Defendant Michael Ferris opposes (Doc. 89). The Court rules as follows:

### Government's Notice of Intent and Motion for Pretrial Ruling on Admission of Facebook Records (Doc. 76)

The Government provides notice of its intent to admit certified Facebook records and moves the Court for a pretrial ruling on admission of those records into evidence. To be admissible, the Facebook records must be authentic, relevant, and non-hearsay or subject to a hearsay exception. The Government has provided a business records affidavit sufficient to satisfy the requirements for self-authentication under *F.R.E.* 902(11). However, there is no evidentiary basis for the Court to make a pretrial ruling that the voluminous records are categorically relevant, non-hearsay or subject to a hearsay exception. The Government will be required, at trial, to lay the proper foundation for the relevancy of the specific portions of the Facebook records they intend to admit and establish that the records are subject to a hearsay exception or are non-hearsay. Accordingly, the motion is **DENIED**.

**Government's Motion *in Limine* Regarding
Notice of Alternative Perpetrator Defense (Doc. 77)**

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The Government first requests notification of whether Ferris intends to present evidence or argument that a specific alternative perpetrator committed the crimes at issue. If that is his intent, the Government requests an order requiring him to proffer the supporting evidence outside the presence of the jury. If Ferris does not plan to raise a specific alternative perpetrator defense, the Government moves *in limine* to exclude any evidence or argument of the same.

Third-party guilt evidence may be excluded "where it does not sufficiently connect the other person to the crime ... [such as where it is] speculative or remote or does not tend to prove or disprove a material fact in issue at the defendant's trial." *Holmes v. South Carolina,* 547 U.S. 319, 327 (2006). But that does not exclude all evidence that may suggest an alternate perpetrator. Moreover, the Government provides no authority requiring Ferris to provide the pretrial notice that the Government seeks. Accordingly, the motion is **DENIED**.

**Government's Notice of Intent to Admit and Motion for Pretrial Ruling on Admission of
Certified Records (Doc. 78)**

The Government provides notice of its intent to admit certified business records from Google, Skype, Hamilton Communications, and a certified copy of H.N.'s birth certificate and

moves the Court for pretrial rulings on admission of these certified records. The Court finds that the certified business records are authentic to the extent the Government has provided certification from custodians of records. However, the Government will need to establish relevancy – an issue that cannot be resolved pretrial. Therefore, the motion is **DENIED**.

### Government's Notice of Intent to Admit Uncharged Acts and Direct Evidence of Ferris' Identity and in the Alternative Admission Pursuant to Rule 404(b) (Doc. 79)

The Government provides notice of its intent to use uncharged conduct as direct evidence of Ferris's identity and, in the alternative, as evidence admissible under *FRE* 414 and 404(b) to show identity. The Government's position is premised on Ferris' authorship of the Facebook records having been established pretrial. That is not the case; the Court cannot rule conclusively that Ferris authored the records at this juncture. The motion is **DENIED**.

### Government's Motion in Limine to Prohibit Cross-Examination of Special Agent Eric Bowers (Doc. 81)

The Government moves to bar Ferris from cross examining or questioning Special Agent Eric Bowers regarding his credibility, in light of the Seventh Circuit's decision in *United States v. Slaight*, 620 F.3d. 816 (7th Cir. 2010). The motion is **DENIED**. However, the defense shall notify the Court before any attempt to cross-examine or impeach Agent Bowers on matters related to the *Slaight* case.

**IT IS SO ORDERED.**

**DATED:** August 23, 2022

**STACI M. YANDLE**
**United States District Judge**