IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-40105-SMY |
| | ) |
| MICHAEL A. FERRIS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Michael A. Ferris was charged in a 25-count third superseding indictment with sexual exploitation of a child and attempt to do so under 18 U.S.C. 2251(a) and (e) (Counts 1, 7, 10, 13, 20, and 24); distribution of child pornography under 18 U.S.C. § 2552A(a)(2) (Counts 2 and 21); possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) (Count 25); interstate extortion under 18 U.S.C. § 875(d) (Counts 3, 5, 8, 11, 14, 16, 18, and 22); and cyberstalking under 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) (Counts 4, 6, 9, 12, 15, 17, 19, and 23) (Doc. 67). He pleaded not guilty to all charges. Jury trial commenced on November 14, 2022. At the close of the evidence, the jury found Ferris guilty on all counts.

This matter is now before the Court on Ferris' Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. 121). The Government has not filed a response. For the following reasons, the Motion is **DENIED**.

## The Evidence at Trial

The following evidence, viewed in the light most favorable to the Government, was presented at trial: Between April 2020 and November 2020, three separate Facebook accounts identified by the profile names "Sammy Gray," "Christine James," and "Sarah Mansfield"

communicated with minors. Ferris utilized these fake accounts to send unsolicited messages to minors and attempted to garner their trust and to gather personal information and/or explicit images and videos. Each of the accounts purported to be a teenage girl and initiated conversations by asking the minor's age and claiming they were looking for new friends. The account would then question the minor about being bullied or picked on and about males living with the minor. The accounts often requested a breast image or illicit details of sexual abuse. If Ferris obtained private information or images from a victim, he would then use that content as leverage to demand additional images or videos by threatening to disclose the private information or images to the minor's friends, family, or law enforcement, if she did not comply.

Eight minor victims testified about their interactions with the accounts. One victim, Kendra Darling, identified Ferris as the individual she communicated with and testified in detail about the months-long relationship she formed with him through his fake accounts.

The Government presented forensic evidence linking Ferris to the fake Facebook accounts. Facebook records identified an Internet Protocol Address ("IP Address") linked to Ferris' residence that he shared with roommates Katherine and Jeff Leinard. That IP address was used to register the "Sammy Gray" and "Christine James" accounts. The same IP address was utilized by Ferris' personal Facebook account. Ferris' personal email address and phone number were each used as a backup to the primary email address used to create the "Sammy Gray" account. Forensic examination of Ferris' cellular phone also linked him to the fake accounts.

The Government also produced a voice recording Ferris sent to a victim via Facebook messenger using the "Sammy Gray" account. Multiple witnesses identified Ferris' voice on the Facebook audio recording, including Special Agent Eric Bowers, Detective Bobby Wallace, and Katherine Leinard and Jeff Leinard.

**Motion for Judgment of Acquittal**

A defendant may challenge the evidence presented at trial as "insufficient to sustain a conviction" under Federal Rule of Criminal Procedure 29. Fed. R. Crim. P. 29(a); *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017). When applying Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Filer*, 56 F.4th 421, 425 (7th Cir. 2022).

Ferris challenges the sufficiency of the evidence supporting the jury's findings that he was the perpetrator of the charged offenses because he did not have exclusive access to the IP address connected with the crimes charged and points out that multiple individuals had access to the WIFI router associated with the IP address. Specifically, his roommate, Jeff Leinard also had access to the WIFI router and Ferris' personal cell phone. He argues the Government's evidence failed to prove beyond a reasonable doubt that he, rather than Leinard or some other roommate, acting together or alone, created the fake accounts.

To establish that Ferris committed the offense of sexual exploitation of a minor (Counts 1, 10, and 24), the Government was required to prove the following elements beyond a reasonable doubt: (1) the victim was less than 18 years old; (2) Ferris employed, used, persuaded, or coerced the minor to take part in sexually explicit conduct for the purpose of producing any visual depiction of such conduct; and (3) the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce. *See* Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 2251(a) (2020).

To prove that Ferris committed the offense of attempted sexual exploitation of a minor (Counts 7, 13, and 20), the Government was required to establish that Ferris attempted the §

2251(a) elements and took a substantial step toward committing the crime of sexual exploitation of a minor with the specific attempt to commit that offense.

The crime of distribution of child pornography (Counts 2 and 21) required the Government to establish beyond a reasonable doubt that: (1) Ferris knowingly distributed material identified as child pornography; (2) Ferris knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and (3) the material identified was shipped or transported using a means or facility of interstate or foreign commerce. 18 U.S.C. § 2252A(a)(2).

The offense of possession of child pornography (Count 25) required the Government to establish that (1) Ferris knowingly possessed material identified as child pornography; (2) he knew both that the material depicted a minor and that the minor was engaged in sexually explicit conduct; and (3) the material identified was shipped or transported using a means or facility of interstate or foreign commerce. 7th Circuit Pattern Jury Instruction, 18 U.S.C. 2252A(a)(5)(B)—Elements.

The offense of interstate extortion (Counts 3, 5, 8, 11, 14, 16, 18, and 22) required the Government to establish that Ferris (1) knowingly transmitted a communication; (2) the communication contained a threat to injure the reputation of the recipient; (3) Ferris transmitted the communication with the intent to extort a thing of value; and (4) the communication was transmitted in interstate commerce. 7th Circuit Proposed Pattern Jury Instruction (2021 Ed.) (.pdf page 54).

To prove Ferris committed the offense of cyberstalking (Counts 4, 6, 9, 12, 15, 17, 19, and 23), the Government had to establish beyond a reasonable doubt that: (1) Ferris used an interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; (2) he did so with the intent to harass and intimidate; and (3) Ferris' course of conduct caused, attempted to cause or

would be reasonably expected to cause substantial emotional distress to the victim. 5th Circuit Pattern Jury Instruction 2.86B.

The Government presented evidence at trial sufficient established each element of the charged offenses. It produced evidence that between April 2020 and November 2020, Ferris communicated with minor victims utilizing three separate Facebook accounts identified by the profile names "Sammy Gray", "Christine James", and "Sarah Mansfield". Nine victims testified regarding their interactions with the accounts. The accounts pursued similar sextortion schemes – each account sent unsolicited messages to minor using several distinct ploys to obtain their private information and/or explicit images and videos. After obtaining the information, the fake profiles used that content as leverage to make further demands.

The Government also presented ample evidence linking Ferris to the fake accounts, including Facebook records, IP address information linking the fake accounts to Ferris, evidence that his personal email address and phone number were used as backups to some of the fake accounts, forensic evidence linking Ferris to the fake accounts, witness identification of Ferris in a lineup and at trial, and a voice recording Ferris sent to a victim via Facebook messenger using the "Sammy Gray" account. Multiple witnesses testified that it was Ferris' voice on the Facebook audio recording. Although Ferris testified and denied he was the perpetrator, the jury was free to disbelieve his testimony. *United States v. Godinez*, 7 F.4th 628, 638-39 (7th Cir. 2021) (it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.). This evidence was more than sufficient for a jury to conclude that Ferris, and not someone else, committed the charged offenses.

"It is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir.

2013). Based on the admitted evidence, a rational jury could find Ferris guilty beyond a reasonable doubt on each of the charged offenses.

## Motion for New Trial

Rule 33 permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." The rule is "reserved for only the most extreme cases," and courts approach such motions "with great caution and are wary of second-guessing the determinations of both judge and jury." *United States v. Hagler*, 700 F.3d 1091, 1101 (7th Cir. 2012). Ferris argues that the Court's failure to suppress and exclude the pre-trial photo array identification by victim Kendra Darling violated his rights under the Fifth Amendment and warrants a new trial.

Ferris first asserts that Special Agent Bowers testified at trial that the photo array was only the second he had ever composed, he received no training in how to create it, and acknowledged that the fill-pictures were likely men of Hispanic descent. A witness's identification violates a defendant's right to due process when the identification procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Williams,* 522 F.3d 809, 810 (7th Cir. 2008) (quoting *Simmons v. United States,* 390 U.S. 377, 384 (1968)).

In assessing whether an identification procedure was unnecessarily suggestive, courts look to "the manner in which the witness was shown the suspect's likeness, reserving criticism for procedures that have been orchestrated to yield the identification of one particular suspect." *United States v. Jones*, 454 F.3d 642, 649 (7th Cir. 2006) (internal citations omitted). Suggestive procedures cross the line when they involve a lineup in which the suspect is clearly distinguishable from the other persons. *Id.*

The photo array utilized in this case consisted of photographs of six men with similar skin complexions. The men had similar facial features, various hair lengths, and facial hair in the form of beards, goatees, and a mustache. All of the men also appeared to be of similar weight. Most importantly, each man fit Darling's description of Ferris who she stated had long hair when they first video chatted which grew shorter over time. There was nothing notably different or suggestive regarding Ferris' photograph compared to the other five photographs in the array.

Agents conducting lineups are required only to make reasonable efforts under the circumstances to conduct a fair and balanced presentation. *United States v. Traeger*, 289 F.3d 461, 474 (7th Cir. 2002). They are not required to search for identical twins in age, height, weight, or facial features. *Id.* Here, there was no indication that the slight variations in the photographs had any bearing on Darling's identification. She testified that she was 100% certain in her identification.

The Court finds that the photo array identification was not impermissibly suggestive. Accordingly, Ferris is not entitled to a new trial.

## Conclusion

For the foregoing reasons, Defendant Michael Ferris' Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. 121) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: March 28, 2023

*[Signature]*

**STACI M. YANDLE**
**United States District Judge**